# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON PATRICK LINK,    )
                Plaintiff,  )
                       )
    vs.                )     Civil Action No. 13-1126
                       )     Magistrate Judge Maureen P. Kelly
DEPUTY WARDEN CMAR,   )
*Westmoreland County Prison*; PAUL S.  )
KUNTZ, *Court Administrator for Judge*  )
*John E. Blahovec*; BRYAN L. KLINE,  )
*Clerk of Courts Westmoreland County*  )
*Courts*,                  )     Re:  ECF Nos. 48 and 51
               Defendants.  )

## MEMORANDUM ORDER

Brandon Link ("Plaintiff") has apparently caused a Summons, ECF No. 48-2 at 2, to be issued, which named as a Defendant, the "Westmoreland County Courts" even though in the Second Amended Complaint, which is the operative Complaint, ECF No. 25, the "Westmoreland County Courts" are not named as a Defendant.  Consequently, counsel for the Court of Common Pleas of Westmoreland County ("the CCP") filed a Motion to Dismiss the Summons, (the "CCP's Motion to Dismiss"), ECF No. 48, and a brief in support, ECF No. 49, essentially seeking dismissal of the CCP as a defendant in this suit.  Plaintiff was ordered to file a response. Plaintiff filed "Plaintiff's Motion to Dismiss Westmoreland County Courts as a Defendant" ("Plaintiff's Response").  ECF No. 51.  In Plaintiff's Response, he agrees that the CCP should be dismissed but requests that the dismissal be without prejudice as "plaintiff believes WESTMORELAND COUNTY COURTS have committed misdeeds which directly go against federal law[.]"  Id., ¶ 4.

The Court will grant the CCP's Motion to Dismiss with prejudice because, as the CCP correctly asserts, Eleventh Amendment immunity bars suit against the CCP in federal court irrespective of any alleged wrongdoing by the CCP.

In the Second Amended Complaint, Plaintiff invoked 42 U.S.C. § 1983 as the jurisdictional basis for the present action. ECF No. 19 at ¶ 1.

The United States Court of Appeals for the Third Circuit has explained that Pennsylvania Courts of Common Pleas enjoy Eleventh Amendment immunity from suit:

> Nor did the District Court err in concluding that the Supreme Court of Pennsylvania and the York County Court of Common Pleas are entitled to immunity under the Eleventh Amendment. *See, e.g., Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). While states can waive their Eleventh Amendment immunity, *see Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 168 (3d Cir.2002), Pennsylvania has not done so, *see* 42 Pa. Cons.Stat. § 8521(b). Moreover, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of § 1983, the federal law under which Keisling proceeds. *See Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Keisling v. Renn, 425 F. App'x 106, 109 (3d Cir. 2011). Accordingly, because the CCP is entitled to Eleventh Amendment immunity from suit, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted. See also Banks v. Court of Common Pleas FJD, 342 F.App'x 818, 820 (3d Cir. 2009) ("In *Benn v. First Judicial District*, 426 F.3d 233, 240-41 (3d Cir. 2005), we ruled that state courts, as state entities, are entitled to immunity from suit in federal court pursuant to the Eleventh Amendment."). This Eleventh Amendment immunity from suit for the State and its alter ego, the Courts of Common Pleas, applies regardless of the relief sought. Id., n.1 ("a State cannot be sued directly in its own name regardless of the relief sought.") (quoting Koslow v. Pennsylvania, 302 F.3d 161, 165-68, 178 (3d Cir. 2002)). Because the Eleventh Amendment clearly bars suit against the CCP, and no

amendment could cure this defect, the CCP Defendant is dismissed from this civil action with prejudice.   Accordingly, the CCP's Motion to Dismiss is **GRANTED**.

To the extent that Plaintiff's Response has been docketed as a Motion, it is denied as moot.[1]


                                        BY THE COURT:


September 24, 2014                       s/Maureen P. Kelly
                                        Maureen P. Kelly
                                        United States Magistrate Judge



cc:     All counsel of record via ECF

        Brandon P. Link
        8823 Kestral Ridge Dr.
        Charlotte, NC 28269

---

[1]   All parties have consented to have the Magistrate Judge exercise plenary jurisdiction.  ECF Nos. 16, 18, 44, 50 and 52.